IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN R. GRAY, *et al.*, | * |
| Plaintiffs, | * |
| v. | *   Civil Action No.: RDB 04-2757 |
| JANET OWENS, COUNTY EXECUTIVE FOR ANNE ARUNDEL COUNTY, *et al.*, | * |
| | * |
| Defendants. | * |

MEMORANDUM OPINION

This case arises out of a complaint that Plaintiffs John R. Gray, *et al*. ("Plaintiffs") filed against Janet Owens, County Executive for Anne Arundel County, and Anne Arundel County, Maryland ("Defendants" or "County"). The central dispute involves Plaintiffs' claim for a refund of development impact fees that the County improperly assessed against the developer of the subdivision where Plaintiffs own houses. The parties' submissions have been carefully reviewed and a hearing was conducted on February 1, 2006. For the reasons stated below, this Court has jurisdiction over only one of Plaintiffs' claims; the rest fall within the jurisdictional bar of the Tax Injunction Act, 28 U.S.C. § 1341. Accordingly, this Court GRANTS summary judgment in favor of Defendants on the single claim over which it has jurisdiction and REMANDS all further proceedings to the Circuit Court for Anne Arundel County, Maryland.

BACKGROUND

On August 5, 1987, the Anne Arundel County Council passed an ordinance requiring that all new developments pay "development impact fees," *i.e.*, a proportionate share of the land, capital facilities, and other costs needed to accommodate the impact of such development on public schools and transportation facilities. (Compl.¶¶ 9-10.) The ordinance became codified as

Article 24, Title 7 of the Anne Arundel County Code. (*Id*. at 9.) Under § 7-106 of the ordinance, development impact fees must be paid to the County before the issuance of a building permit or zoning certificate. (*Id*. at 11.) Under § 7-110 of the ordinance, if fees have not been expended or encumbered within six years of collection, the current property owners may be entitled to a refund. (*Id*. at 14.) Finally, in accordance with Article 26, Title 2 of the Anne Arundel County Code, "school impact fees," *i.e.*, costs associated with accommodating the impact of new development on existing public schools, are not assessed in connection with subdivisions that restrict residency to individuals age 55 and over. (*Id*. at 31-32.)

Each of the named plaintiffs in this case own houses within Crofton Colony, an age-restricted subdivision located in Anne Arundel County. (*See* Compl. ¶ 41; Carrier Affidavit ¶ 9.) Crofton Colony, Ltd., the developer of Crofton Colony (the "Developer"), paid school impact fees to the County between October 2001 and July 2003. (Carrier Affidavit ¶ 15.) These fees were improperly assessed because residency in Crofton Colony is restricted to individuals age 55 and over. (Carrier Affidavit ¶ 5; *see also* Compl. ¶¶ 31-32.) On October 14, 2003, the Developer requested that the County refund the school impact fees it previously paid. (Carrier Affidavit ¶ 16.) On December 30, 2003, the County refunded those fees to the Developer. (*Id*. at 17.)

On July 29, 2004, Plaintiffs filed a complaint in the Circuit Court for Anne Arundel County. On August 25, 2004, Defendants filed a notice of removal asserting, as the basis for this Court's jurisdiction, the existence of a federal question pursuant to 28 U.S.C. § 1331. (*See* Am. Notice of Removal p. 2.) On June 29, 2005, Plaintiffs filed their Motion for Summary Judgment. On July 1, 2005, Plaintiffs filed their Motion to Certify Class and Defendants filed their Motion for Summary Judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id*. at 249.  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.  In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)), but the opponent must bring forth evidence upon which a reasonable fact finder could rely, *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment.  *Anderson*, 477 U.S. at 252.

As there are pending cross-motions for summary judgment, this Court applies the same standards of review.  *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991); *ITCO Corp. v. Michelin Tire Corp.*, 722 F.2d 42, 45 n.3 (4th Cir. 1983) ("The court is not permitted to resolve issues of material facts on a motion for summary judgment-even where . . . both parties have filed cross motions for summary judgment.") (emphasis omitted), *cert. denied*, 469 U.S.

1215 (1985). The role of the court is to "rule on each party's motion on an individual and separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard." *Towne Mgmt. Corp. v. Hartford Acc. & Indem. Co.*, 627 F. Supp. 170, 172 (D. Md. 1985). "[B]y the filing of a motion [for summary judgment] a party concedes that no issue of fact exists under the theory he is advancing, but he does not thereby so concede that no issues remain in the event his adversary's theory is adopted." *Nafco Oil & Gas, Inc. v. Appleman*, 380 F.2d 323, 325 (10th Cir. 1967); *see also McKenzie v. Sawyer*, 684 F.2d 62, 68 n.3 (D.C. Cir. 1982) ("[N]either party waives the right to a full trial on the merits by filing its own motion."). However, when cross-motions for summary judgment demonstrate a basic agreement concerning what legal theories and material facts are dispositive, they "may be probative of the non-existence of a factual dispute." *Shook v. United States*, 713 F.2d 662, 665 (11th Cir. 1983).

## DISCUSSION

**I.     Causes of Action.**

Plaintiffs' complaint states three causes of action. In Count One, Plaintiffs assert a claim under 42 U.S.C. § 1983 by alleging that the County has unlawfully deprived Plaintiffs of certain property in violation of the Fifth and Fourteenth Amendments to the United States Constitution. (Compl. ¶¶ 50-55.) In Count Two, Plaintiffs bring the same claims under Article 23 of the Maryland Declaration of Rights.[1]  (Compl. ¶¶ 56-57.) Finally, in Count Three, Plaintiffs assert a

---

[1]     Plaintiffs' complaint mistakenly references Article 24 of the Maryland Declaration of Rights. (*See* Compl. ¶ 57.) As the parties noted at the hearing, takings claims can arise under only two provisions of the Constitution of Maryland: Article 23 of the Maryland Declaration of Rights and Article III, § 40 of the Constitution of Maryland. Accordingly, this Court will treat Count Two of Plaintiffs' complaint as stating a claim under Article 23 of the Maryland Constitution.

common-law action in assumpsit for a refund of school impact fees that the County improperly assessed against the Developer. (Compl. ¶¶ 58-62.)

Initially, this Court must address the question of the standing of Plaintiffs to assert these causes of action in light of the undisputed fact that the Developer paid the school impact fees in question. In a companion action in this Court, it was held that a single property owner, who had not paid such fees, lacked standing to assert a similar cause of action. *See Herron v. Mayor and City Council of Annapolis, Md.*, 388 F. Supp. 2d 565, 569-70 (D. Md. 2005) (citations omitted). In this case, the Plaintiffs have noted a statutory right under the Anne Arundel County Code to a refund of school impact fees.[2] At the hearing on this matter, Defendants challenged standing with respect to Plaintiffs' claim for a tax refund but not with respect to Plaintiffs' claims of improper zoning. Accordingly, this Court will address questions of standing separately with respect to Plaintiffs' various claims.

## II.     Plaintiffs' Federal Claims.

### A.     Improper Zoning.

Plaintiffs' first federal claim is based on the allegation that the County established "a corrupt scheme to circumvent the zoning laws contained in the Anne Arundel County Code." (Compl. ¶ 34.) Plaintiffs allege that the County allowed developers to build age-restricted housing in areas not zoned for age-restricted housing. As a result, Plaintiffs contend that the County "brought about a 'cloud on title'" over Plaintiffs' homes that "substantially diminish[ed] their property rights." (*Id*. at ¶¶ 34-35.) Accordingly, Plaintiffs assert a takings claim against the County under 42 U.S.C. § 1983 by alleging a violation of the Fifth and Fourteenth Amendments

---

[2] Specifically, Plaintiffs claim that Article 24, § 7-110 of the Anne Arundel County Code entitles Plaintiffs to a tax refund of school impact fees that the County improperly assessed against the Developer. (*See*, *e.g.*, Compl. ¶ 51; Opp'n to Defs' Mot. for Summ. J. pp. 8-9.)

5

to the United States Constitution.  (*Id*. at ¶¶ 50 & 53.)

As noted in this Court's recent opinion in *Herron*, standing requires a showing that: (1) the plaintiff suffered an "injury in fact" (an invasion of a legally protected interest) which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992); *Herron*, 388 F. Supp. 2d at 569.  With respect to their claim of unconstitutional diminution of property rights and values, Plaintiffs allege an invasion of a legally protected interest with a causal connection between the alleged injury and the conduct giving rise to the complaint.  Accordingly, as to this particular claim of improper zoning, Plaintiffs have standing.[3]

In their motion for summary judgment, Defendants establish the absence of any evidence to support Plaintiffs' claim that the County was involved in a "corrupt scheme."  (*See* Defs' Mot. for Summ. J. pp. 8 & 24-27.)  Moreover, Defendants point out that Plaintiffs' subdivision is properly zoned for age-restricted housing.  (*Id*. at p. 26 (concluding that "[h]ousing for the elderly is permitted in all residential zones so long as the use satisfies the land use regulations and restrictions applicable in the zone."); *see also* Cannelli Affidavit ¶ 8-9.  Finally, Defendants argue that Plaintiffs' diminution of value claim is unripe under, *e.g.*, *Hatt v. Anderson*, 464 A.2d 1076 (Md. 1983), and fails because there is no evidence to suggest that Plaintiffs have been deprived of all reasonably beneficial use of their properties.  Based on these arguments, Defendants assert that Plaintiffs' takings claim based on improper zoning must fail as a matter of

---

[3] There is no indication that the property owner in *Herron* alleged claims based on improper zoning.  388 F. Supp. 2d at 567-68.

law.  *See Celotex*, 477 U.S. at 325 ("[T]he burden on the moving party may be discharged by showing--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case.").

Plaintiffs simply do not respond to Defendants' motion.  Plaintiffs fail to present any evidence, argument, or other support for their claim that the County diminished the value of Plaintiffs' property by allowing "unlawfully approved 'age restricted' subdivisions."  As a result, Defendants are entitled to judgment as a matter of law with respect to Plaintiffs' takings claim for a diminution in the value of their property.[4]  Fed. R. Civ. P. 56(b)-(e); *see also Celotex*, 477 U.S. at 322 ("[T]he plain language of the Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which the party will bear the burden of proof at trial.").

### B.   Tax Refund.

Plaintiffs' second federal claim is based on the allegation that, by not refunding to Plaintiffs improperly assessed school impact fees under Article 24, § 7-110 of the Anne Arundel County Code, the County deprived Plaintiffs of their right to a tax refund.  (*See* Compl. ¶ 51; Opp'n to Defs' Mot. for Summ. J. pp. 8-9.)  Accordingly, Plaintiffs again assert a takings claim against the County under 42 U.S.C. § 1983 by alleging a violation of the Fifth and Fourteenth Amendments to the United States Constitution.  (*See* Compl. ¶¶ 51-52 & 54-55.)

Unlike their claims based on improper zoning, Plaintiffs lack standing to assert a § 1983

---

[4]   Although this Memorandum Opinion focuses on Plaintiffs' *federal* claim that the County diminished the value of Plaintiffs' homes by allowing developers to build purportedly age-restricted subdivisions in areas not zoned for age-restricted housing, Defendants are entitled to summary judgment on Plaintiffs' analogous *state* claim under Article 23 of the Constitution of Maryland.  (*See* Compl. ¶ 48-55.)  This Court exercises supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367.

claim for a refund of improperly assessed school impact fees. Maryland state law provides that a *feepayer* may apply for a refund of taxes or fees that were "erroneously, illegally, or wrongfully assessed." Md. Code Ann., Art. 24 § 9-710. Plaintiffs are not feepayers, however, because in this case it is undisputed that the developer of Plaintiffs' subdivision paid the school impact fees at issue. As a result, Plaintiffs cannot take advantage of the exclusive statutory remedy provided by Maryland state law. *See Apostol v. Anne Arundel County*, 421 A.2d 582, 585 (Md. 1980) ("[W]here there is statutory authorization for a refund and a special statutory remedy set forth, that remedy is exclusive."). At the hearing, Plaintiffs argued that they have standing because the cost of the school impact fees paid by the developer was reflected in the purchase price of their homes. Plaintiffs offer no evidence or other basis, however, to support this claim and this Court "may as reasonably assume that market conditions in [Anne Arundel County] forced developers to bear the entire cost themselves in the form of a smaller profit margin." *Herron*, 388 F. Supp. 2d at 569. As a result, Plaintiffs fail to show that they suffered a legally protected interest and therefore lack standing. *Lujan*, 504 U.S. at 559-60; *Herron*, 388 F. Supp. 2d at 569-70.

Assuming *arguendo* that Plaintiffs have standing to assert a claim § 1983 for a refund of improperly assessed school impact fees, this Court lacks subject matter jurisdiction to reach the merits of that claim. The Tax Injunction Act ("TIA") provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "This statutory provision is a jurisdictional bar that is not subject to waiver, and the federal courts are duty-bound to investigate the application of the Tax Injunction Act regardless of whether the parties raise it as an issue." *Folio v. City of Clarksburg, W.Va.*, 134 F.3d 1211, 1214 (4th Cir. 1998) (citations omitted). "Although not obvious from the face of the statute, the [TIA]

bars suits for declaratory relief in state tax cases, as well as suits for a refund of state taxes." *Lawyer v. Hilton Head Public Service Dist. No. 1*, 220 F.3d 298, 301-02 (4th Cir. 2000) (citations omitted). It is well-established that the TIA applies to local (county and municipal) as well as state taxes. *Collins Holding Corp. v. Jasper County, S.C.*, 123 F.3d 797, 799 n.2 (4th Cir. 1997) (citing *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503 (1981); *Hager v. City of West Peoria*, 84 F.3d 865, 868 n. 1 (7th Cir.1996)).

The TIA's "broad restriction on federal court jurisdiction over state and local tax matters reflects the importance of the taxing power to the operation of state governments as well as the desire of the Congress to restrain federal courts from unduly interfering with state revenue collection." *Collins Holding Corp.*, 123 F.3d at 799 (citations omitted). "Essentially, 'the [TIA] . . . [is] first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes.'" *Folio v. City of Clarksburg*, 134 F.3d at 1214 (quoting *Rosewell*, 450 U.S. at 522); *see also Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 586 (1995) ("'It is upon taxation that the several States chiefly rely to obtain the means to carry on their respective governments, and it is of the utmost importance to all of them that the modes adopted to enforce the taxes levied should be interfered with as little as possible.'") (quoting *Dows v. Chicago*, 11 Wall. 108, 110 (1871)).[5]

The United States Court of Appeals for the Fourth Circuit has established the test for determining whether a particular charge falls within the TIA's jurisdictional bar:

---

[5] While Plaintiffs' counsel, consistent with the position taken in the companion *Herron* case, argues that the TIA does not apply, counsel for the Defendants urged this Court that it need not address the applicability of the TIA. The jurisdictional bar established by the TIA, however, is not subject to waiver. *Folio v. City of Clarksburg*, 134 F.3d at 1214 (citations omitted). As a result, under basic principles of federal jurisdiction, this Court must "investigate the application of the Tax Injunction Act regardless of whether the parties raise it as an issue." *Id*.

> To determine whether a particular charge is a "fee" or a "tax," the general inquiry is to assess whether the charge is for revenue raising purposes, making it a "tax," or for regulatory or punitive purposes, making it a "fee." To aid this analysis, courts have developed a three-part test that looks to different factors: (1) what entity imposes the charge; (2) what population is subject to the charge; and (3) what purposes are served by the use of the monies obtained by the charge.

*Valero Terrestrial Corp. v. Caffrey*, 205 F.3d 130, 134 (4th Cir. 2000) (citations omitted). When this three-part inquiry produces an ambiguous result, "the most important factor becomes the purpose behind the statute, or regulation, which imposes the charge. In those circumstances if the ultimate use of the revenue benefits the general public then the charge will qualify as a 'tax' . . . " *Id.* (citations omitted).

Applying this standard, this Court finds that the school impact fees at issue in this case are taxes. School impact fees are assessed by Anne Arundel County against housing developers "for the purpose of promoting the health, safety, and general welfare of the residents of the County by . . . requiring all new development to pay its proportionate fair share of the costs for land capital facilities, and other expenses necessary to accommodate development impacts on public schools . . ." 1985 Anne Arundel County Code, Art. 24, § 7-102.[6] This statutory scheme expressly provides that its purpose is to raise revenue and benefit the general public, and does not suggest a regulatory or punitive purpose. Accordingly, as this Court previously recognized in *Herron*, the school impact fees imposed by Anne Arundel County constitute a "tax" for purposes of applying the TIA. *See Herron*, 388 F. Supp. 2d at 571. This holding is clearly

---

[6] Anne Arundel County recently recodified its impact fee ordinance. The provision that describes the purpose of that ordinance, for example, is now codified at Article 17, Title 11, Subtitle 2, § 17-11-202 of the 2005 Anne Arundel Code. To remain consistent with the parties' papers, this Memorandum Opinion reflects the old codification scheme. *See generally* Parallel Reference Tables, 2005 Anne Arundel Code (providing cross-references between the 1985 and 2005 Anne Arundel County Code).

supported by state law. *See Cambridge Commons, et al. v. Anne Arundel County*, No. 1340, September Term, 2001, p. 14 (Md. Ct. Spec. App. 2002) (unpublished) ("In light of the foregoing, we hold that the development impact fees assessed by [Anne Arundel] County are taxes."); *cf. Halle Development, Inc. v. Anne Arundel County*, 808 A.2d 1280, 1286 n.15 (Md. 2002) ("As we have indicated, we do not expressly reach whether the [Anne Arundel County impact] fees in this case were 'taxes,' although they resemble taxes."); *Eastern Diversified Properties, Inc. v. Montgomery County*, 570 A.2d 850, 854 (Md. 1990) ("We think that the characteristics of the development impact fee scheme as set forth in ch. 49A [of the Montgomery County Code] are indicative of a tax rather than a regulatory fee.").

The TIA only applies to those cases "where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "[A] state-court remedy is plain, speedy and efficient only if it provides the taxpayer with a 'full hearing and judicial determination' at which she may raise any and all constitutional objections to the tax." *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982) (citations omitted). "The 'plain, speedy and efficient' remedy inquiry thus involves an examination of state law to determine whether a taxpayer who follows the proper channels can receive adequate judicial review under state law." *Collins Holding Corp.*, 123 F.3d at 800.

Maryland state law provides a "plain, speedy and efficient" remedy with adequate judicial review for disputes involving the school impact fees at issue here. First, a person who pays school impact fees that were erroneously, illegally, or wrongfully assessed may apply to the tax collector for a refund:

> A claim for refund may be filed with the tax collector who collects the tax, fee, charge, interest, or penalty by a claimant who: (1) Erroneously pays to a county or municipal corporation a greater amount of tax, fee, charge, interest, or penalty than is properly and

11

> legally payable; or (2) Pays to a county or municipal corporation a tax, fee, charge, interest, or penalty that is erroneously, illegally, or wrongfully assessed or collected in any manner.

Md. Code Ann., Art. 24 § 9-710.  If the requested refund is denied, the claimant may file an appeal with the Maryland Tax Court.  Md. Code Ann., Art. 24 § 9-712(d)(1).  A final order of the Maryland Tax Court is subject to judicial review in the Circuit Court and the Court of Special Appeals.  Md. Code. [Tax-General] § 13-532(a); Md. Code. [State Government] § 10-223(b)(1).  Second, under the Anne Arundel County Code, refunds of school impact fees that have not been expended or encumbered within six years of collection may be available to current property owners.  *See* 1985 Anne Arundel County Code, Art. 24, § 7-110.  Third, Maryland common law provides that "[w]here there is a special statutory provision sanctioning a refund [of taxes], although no particular statutory remedy is provided, an action in assumpsit is available." *Apostol*, 421 A.2d at 585.  The state law remedy described above provides judicial review and therefore satisfies the procedural criteria required by the "plain, speedy and efficient" provision of the Tax Injunction Act ("TIA").  Accordingly, this Court cannot exercise jurisdiction over Plaintiffs' federal claim for a refund of school impact fees that were improperly assessed by Anne Arundel County.  *Lawyer v. Hilton Head*, 220 F.3d at 304.

Although the Court is reluctant to dismiss this action on jurisdictional grounds given the late stage of this litigation, as a practical matter the parties' positions require application of the TIA.  First, the parties do not dispute that school impact fees are taxes.  (*See* Plaintiffs' Mot. for Summ. J. p. 3 ("[T]he legal conclusion that impact fees are taxes as opposed to a fee associated with a building permit is not subject to argument."); Defs' Mot for Summ. J. p. 14 ("[T]here can be no reasonable dispute that impact fees imposed under the Impact Fee Ordinance are a 'tax.'").)  Second, the parties do not dispute that Maryland state law provides an adequate remedy for any

refund claim that Plaintiffs' might have in connection with the school impact fees at issue here. At the hearing, Plaintiffs agreed that the Maryland state law remedy discussed above is adequate for purposes of resolving whether principles of comity bar this Court from hearing Plaintiffs' claim under § 1983.  There is no significant difference, however, between the test for an adequate state remedy under principles of comity ("plain, adequate, and complete") and the test for an adequate state remedy under the TIA ("plain, speedy and efficient").  *See Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 n.8 (1981); *Lawyer v. Hilton Head*, 220 F.3d at 302 n. 3.  (*See also* Defs' Mot. for Summ. J. p. 16 ("Plaintiffs have a 'plain, adequate, and complete' remedy under Maryland law for their takings claim arising from the collection of school impact fees from age restricted developments.").)  As a result, the positions taken by the parties establish that this case involves a "tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.

### III.   Plaintiffs' Remaining State Claims.

This Court has resolved Plaintiffs' federal and state claims that the County diminished the value of Plaintiffs' homes by allowing developers to build age-restricted subdivisions in areas not zoned for age-restricted subdivisions, *see* Section II.A. *supra*, and has determined that it lacks subject matter jurisdiction over Plaintiffs' federal claim that the County failed to refund to Plaintiffs school impact fees that were improperly assessed against the developer of Plaintiffs' subdivision, *see* Section II.B. *supra*.  Accordingly, Plaintiffs' only remaining causes of action are two state law claims.  Specifically, Plaintiffs assert a claim under Article 23 of the Constitution of Maryland and an action in assumpsit under the common law of Maryland.  (*See* Compl.¶¶ 56-62.)  At the hearing, Defendants urged this Court to exercise supplemental jurisdiction over any residual state law claims.  *See* 28 U.S.C. § 1367(a); *see also Shanaghan v. Cahill*, 58 F.3d

106, 110 (4th Cir. 1995) (noting that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."). Plaintiffs' remaining state law claims, however, are essentially claims for a refund of local taxes. Accordingly, while this Court exercised supplemental jurisdiction over Plaintiffs' state law claim based on improper zoning, this Court declines to exercise supplemental jurisdiction over those claims that are intertwined with Plaintiffs' federal claim for a refund of local taxes.

The Tax Injunction Act and the principles of federalism that it embodies, moreover, prevent this Court from exercising supplemental jurisdiction over Plaintiffs' remaining state law claims. First, supplemental jurisdiction is conditioned upon statutes such as the TIA. *See* 28 U.S.C. § 1367 (a) ("Except as . . . *expressly provided otherwise by Federal statute*, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims . . .") (emphasis added). The TIA's express mandate that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law" thus appears to bar any supplemental jurisdiction this Court might have otherwise had over Plaintiffs' state law claims. Second, exercising supplemental jurisdiction here would be inconsistent with the principles of federalism embodied in the TIA and emphasized by the Supreme Court and Fourth Circuit in cases involving local tax disputes. *See*, *e.g.*, *Nat'l Private Truck Council*, 515 U.S. at 586; *Folio v. City of Clarksburg*, 134 F.3d at 1214. Accordingly, even if the TIA does not deprive this Court from exercising supplemental jurisdiction over Plaintiffs' state law claims involving a refund of school impact fees, compelling reasons exist for declining to exercise such jurisdiction in this case. *See* 28 U.S.C. § 1367(c)(4); *see also Southeastern Pa. Transp. Auth. v. Board of Revision of Taxes*, 49 F. Supp. 2d 778, 781-82 (E.D. Pa. 1999) (declining to exercise supplemental jurisdiction over

14

state law claims because of principles of federalism embodied in the Tax Injunction Act).

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment is GRANTED with respect to Plaintiffs' federal and state claims that the County diminished the value of Plaintiffs' homes by allowing developers to build age-restricted subdivisions in areas not zoned for age-restricted subdivisions. This Court lacks subject matter jurisdiction to reach the merits of Plaintiffs' remaining federal claim, *see* 28 U.S.C. § 1341, and declines to exercise supplemental jurisdiction over Plaintiffs' remaining state claims, *see* 28 U.S.C. § 1367. In light of these rulings, Plaintiffs' Motion to Certify Class is DENIED as moot. Accordingly, all further proceedings are REMANDED to the Circuit Court for Anne Arundel County, Maryland. A separate Order follows.

Dated: February 8, 2006                               /s/
                                                      Richard D. Bennett
                                                      United States District Judge